## AMOS BINNEY *versus* THE PROPRIETORS of the common and undivided Lands in HULL.

Evidence that the plaintiff and his ancestors had for fifty-six years maintained a partition fence between his land and that of the defendants; that fifty-six years ago the fence was an old one, and that at that time the plaintiff's ancestor, being owner of the land, said it had always been maintained by himself and his ancestors ; — was held sufficient to support a plea of a prescriptive obligation on the plaintiff to maintain it.

A prescriptive obligation on the owner of land to maintain a partition fence, is not destroyed by his becoming a tenant in common of the adjoining land.

THIS was an action of debt, founded upon *St.* 1785, *c.* 52, to recover double the value of fence erected by the plaintiff between his land and that of the defendants.

The defendants pleaded that the plaintiff and those under whom he claims, have time out of mind built and still ought to build and maintain the division fence between the lands ; and upon this issue was joined.

At the trial, before *Morton* J., it appeared, that the plaintiff was the owner and occupant of the land described in his declaration ; that by *St.* 1811, *c.* 56, the defendants were created a corporation for the purpose of managing the common and undivided lands in Hull, which adjoin the land described in the plaintiff's declaration ; that the defendants' lands have time out of mind been owned and occupied by them, and those under whom they claim, as tenants in common ; that the plaintiff, and those under whom he claims, during all that time owned and occupied eleven one hundred and forty-fourth parts of the same ; and that the lands both of

504

---

[1] See Revised Stat. *c.* 7, § 44.

the plaintiff and of the defendants are improved lands within the meaning of the statute.

Upon these facts the plaintiff contended, that it appearing that he and those under whom he claims have always been tenants in common with the defendants and those under whom they claim, the defendants could not show a prescriptive obligation on the part of the plaintiff to maintain the fence in question. But for the purpose of trying the question of fact by the jury, the judge overruled the objection.

The defendants then produced evidence, that for fifty-six years the plaintiff and his ancestors had maintained the fence at their own expense ; that fifty-six years ago the fence was an old one, and that then one of the plaintiff's ancestors, being the owner of the land, said that himself and his ancestors had always maintained the fence.

The jury returned a verdict for the defendants. If upon the foregoing evidence the Court should be of opinion that the defence was not supported, a new trial was to be granted ; but otherwise judgment was to be rendered upon the verdict.

*Oct. 26th*

*Beal* and *Eddy*, for the plaintiff, said that if he were now the sole owner of the two tracts of land, there could be no question, but that the prescriptive obligation set up in defence would be extinguished by the unity of possession ; *Gayetty* v. *Bethune*, 14 Mass. R. 53 ; 3 Stark. Ev. 1680 ; Co. Lit. 114 ; *Whalley* v. *Thompson*, 1 Bos. & Pul. 375 ; Com. Dig. *Suspension, B,* (cites 1 Ventr. 97, — Ray. 192, and Pal. 446 ;) and they contended that the same effect was produced by his being a tenant in common of the land owned by the defendants. The tenancy in common terminated, indeed, with the incorporation of the defendants, but they are obliged to go back to the time of the tenancy in common in order to establish the prescription.

*Baylies* and *Gay*, for the defendants.

The opinion of the Court was drawn up by

PARKER C. J. The plaintiff brings his action on the statute of 1785.[1] He is entitled to recover, unless the defence is sufficient. The defence is, that the plaintiff and all

---

[1] See Revised Stat. c. 19, § 4.

those whose estate he has, have been used time out of mind to keep up at their own expense the fence between their land and that of the defendants.

This is a good defence if made out by evidence, for the statute prescribes the rule where there is no obligation between the parties ; it does not interfere with contracts or rights existing independently of the statute. 2 Dane's Abr. 660, *c.* 66, *art.* 1, § 2. A man may be bound by prescription to maintain a fence for the benefit of another as well as himself ; and an action on the case will lie against him if damage ensues, in case it be out of repair. *Starr* v. *Rookesby,* 1 Salk. · 335. So he shall not have an action of trespass or case for damage done to his lands, if he ought to keep the fence in repair. And the same rule will apply to cases under the statute. If he who is thus bound prescriptively to maintain a fence, builds it and brings his action under the statute, he will fail, because the statute was not made to relieve him from an obligation created perhaps with his title to the land, and proved by prescription.

The evidence was sufficient to prove the prescription. During fifty-six years before the commencement of the suit, the plaintiff and his ancestors had maintained the fence ; and at the beginning of that period it was an old fence, and the ancestor of the plaintiff, then in possession, declared that he and those before him kept up the fence at their own expense. This is literally carrying back the obligation beyond the time of memory. So that the prescriptive duty is completely proved. Why should the present plaintiff be allowed to shift or divide this duty ? The land came to him *cum onere,* and it is neither just nor lawful in him to cast it off.[1]

**506**

But it is said the defendants cannot set up this prescription, because the plaintiff is one of the tenants in common, or a member of the corporation. But this cannot make a difference. The rights to the two parcels of land are distinct, and the proprietors are distinct. If there would be a difficulty, the defendants being mere tenants in common with the plaintiff, that difficulty is cured by the incorporation of the defend-

---

[1] See *Heath* v. *Ricker,* 2 Greenl. 72.

ants. They are now distinct parties. And even if they now were merely tenants in common, the difficulty would be on the plaintiff's side, from an incapacity to sue himself with others. The authorities cited go to show, that where there is a union of titles and possession, an easement does not exist; but that principle is inapplicable to the present case. Here the land and the titles are distinct, and the defendants may well prescribe for an easement in the plaintiff's land, or against his right to a contribution in building and repairing fences.